# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Wendell Anthony Greene, | Case No. 16-cv-03818-MJD-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Wendell Anthony Greene, ID No. 242398, MCF-Moose Lake, 1000 Lake Shore Drive, Moose Lake, MN 55767, petitioner pro se

Rebekka L. Stumme, St. Louis County Attorney's Office, counsel for respondent

After a jury trial in St. Louis County, the petitioner, Wendell Greene, was convicted of three counts of criminal sexual conduct involving two minor children, and he is serving a lengthy prison sentence. Mr. Greene has filed a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. He argues that: (1) he was denied effective assistance of counsel because his trial attorney failed to bring a motion to suppress statements that were made to a county social worker without a *Miranda* warning; (2) admission of the statements at trial violated his due process rights; and (3) the trial court abused its discretion in denying his post-conviction petition related to his ineffective assistance of counsel claim without an evidentiary hearing. For the reasons set forth below, the Court recommends that Mr. Greene's habeas petition be denied.

## I.   Background

### A.   The State Court Proceedings

Following a jury trial, Mr. Greene was convicted of three counts of criminal sexual conduct with two young girls. *State v. Greene*, No. A14-0097, 2015 WL 7356545, at *1 (Minn. Ct. App. Nov. 23, 2015), *review denied* (Jan. 27, 2016). On June 9, 2012,

one of the girls reported to her mother that Mr. Greene had sexually abused her that day. *Id.* Within a few days, the incident was reported to social services. *Id.* On June 12, 2012, a Duluth Police Department investigator interviewed both girls, who described several instances of sexual misconduct involving Mr. Greene. *Id.*

The following day, investigators interviewed Mr. Greene. *Id.* at *2. Two days later, Mr. Greene participated in a recorded interview with Andrew Fena, a county social worker in the Initial Intervention Unit, while in custody at the St. Louis County jail. *Id.* Mr. Fena did not give Mr. Greene a *Miranda* warning during the interview, though he did inform Mr. Greene that he was under no obligation to participate in or continue the discussion. *See* Mem. in Supp. of Pet. for Post-Conviction Relief ("Post-Conviction Mem.") at 19, ECF No. 7-3. The recording of their conversation was played during Mr. Greene's trial. Transcript of Proceedings Jury Trial Volume IV, at 94:5-164:23, ECF No. 7-24.

Mr. Greene was convicted of one count of criminal sexual conduct in the first degree and two counts of criminal sexual misconduct in the second degree. *See* Minn. Stat. §§ 609.342, subd. 1(a), 609.343, subd. 1(a); *see also* Warrant of Commitment, at 1-5, ECF No. 7-28. He was initially sentenced to three concurrent prison terms, the longest of which was 216 months. Warrant of Commitment at 2. He appealed his convictions and sentence to the Minnesota Court of Appeals.

While his direct appeal was pending, Mr. Greene sought post-conviction relief on an ineffective assistance of counsel claim. Mr. Green asserted that his trial counsel was ineffective because he failed to object to the introduction of Mr. Greene's un-*Mirandized* statement to Mr. Fena. Post-Conviction Mem. at 1-11. The trial court summarily rejected this claim, indicating that Mr. Greene had failed to establish the prejudice prong of the two-part *Strickland* test. Order ("Post-Conviction Order"), at 1, ECF No. 7-5 (denying Mr. Greene's post-conviction claim "[b]ased on the totality of the evidence of [his] guilt," including the testimony of the two child victims in his case and the testimony of a child *Spreigl* witness).

Mr. Greene's direct appeal and his appeal of the post-conviction decision were consolidated, and the Minnesota Court of Appeals addressed issues related to both proceedings in the same decision. *Greene*, 2015 WL 7356545, at * 3-6. As to his direct appeal, two of the three convictions were affirmed and one was vacated. *Id.* at *3-5. Of relevance to his federal habeas petition, Mr. Greene argued that the post-conviction court had erred in denying his ineffective assistance of counsel claim, and

2

that at a minimum he was entitled to a hearing on the issue. *See* Appellant's Br. & Add. ("Ct. of Appeals Br."), at 34-47, ECF No. 7-7. The Minnesota Court of Appeals held that the post-conviction court did not err in its conclusion that Mr. Greene had failed to establish his ineffective assistance of counsel claim, nor did the post-conviction court abuse its discretion in summarily denying his petition. *Greene*, 2015 WL 7356545, at *5.

In his Petition for Review to the Minnesota Supreme Court, Mr. Greene again challenged the post-conviction court's order. *See* Pet. for Review ("PFR"), ECF No. 7-10. Mr. Greene rearticulated his challenge as an assertion about the merits of his underlying *Miranda* claim, but the focus remained on the post-conviction court's ineffective assistance of counsel determination. *See* PFR at 11 (arguing that failure to raise the *Miranda* claim at trial constituted ineffective assistance of counsel). Mr. Greene also again argued that he was entitled to an evidentiary hearing on the issue, and that the post-conviction court had abused its discretion in summarily denying his claim. PFR at 11. Mr. Greene's PFR was summarily denied on January 27, 2016. ECF No. 7-11, at 1.

Mr. Greene was ultimately resentenced on the two remaining counts of conviction, to 187 months imprisonment and a life term of conditional release. Am. Warrant of Commitment, at 1-4, ECF No. 7-29.

### B. Federal Habeas Corpus Proceedings

On November 3, 2016, Mr. Greene timely filed a petition for a writ of habeas corpus pursuant to § 2254. *See* Pet., ECF No. 1. The Court construes his petition as essentially raising two claims though he divided them into four separate grounds in his filing. First, Mr. Greene argues that he is entitled to habeas relief because the post-conviction court unreasonably applied the *Strickland* standard to his ineffective assistance of counsel claim. *See* Pet. at 7-9. He also asserts that the post-conviction court erred in summarily denying his ineffective assistance of counsel claim and in failing to give him a hearing on the issue. *See* Pet. at 5-6, 10-11.

In its answer, the respondent fails to specifically discuss the requirements of § 2254 or how the deference to state court decisions inherent in the statute applies to this case. The State implicitly argues that the state court proceedings did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," as would be required by § 2254(d). *See* Resp't's Answer

3

("Answer"), ECF No. 7. Despite the State's failure to explore the correct legal standard, it is clear that neither of Mr. Greene's asserted grounds entitle him to habeas relief.

## II. 28 U.S.C. § 2254: Legal Framework

Federal courts cannot rule on the merits of a writ of habeas corpus from a state detainee unless he has first exhausted all available state court remedies for all of his claims. § 2254(b). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To properly exhaust a claim, a petitioner must "give the state courts one full opportunity to resolve any constitutional issues" by going through one complete round of appeals in the state courts before seeking relief in federal court. *Id.* at 845. In Minnesota, a petitioner must present his claims to the Minnesota Supreme Court before they can be entertained in federal court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[A] prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review) . . . .").

Even if a petitioner has fairly presented a federal claim and exhausted the available remedies in state court, habeas relief is only available in two circumstances. The state courts' adjudication must either have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).[1]

---

[1] A federal court reviewing a petition for a writ of habeas corpus can also grant relief if a state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Mr. Greene's claims do not implicate this alternative path to habeas relief.

### III.  Ineffective Assistance of Counsel Claim[2]

Mr. Greene's first challenge is to the state post-conviction court's determination that he received constitutionally adequate assistance of trial counsel.[3] Mr. Greene has not made the necessary showing.

To establish a viable ineffective assistance of counsel claim, a defendant must prove two things: (1) that his counsel's performance was constitutionally deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

---

[2]  To the extent Mr. Greene actually intends to raise the merits of the *Miranda* claim on which he bases his argument that his trial counsel was ineffective, he cannot do so. Because Mr. Greene was aware of the federal constitutional claim and could have raised it on direct appeal but did not, it cannot now be raised in state court and is therefore procedurally defaulted. *See State v. Griller*, 583 N.W.2d 736, 740-41 (Minn. 1998) (indicating unobjected-to trial errors can be raised on direct appeal and are reviewed for plain error); *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) (holding that claims that were known and not raised on direct appeal cannot be considered in subsequent state proceedings); *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (holding that claims are procedurally defaulted when they can no longer be raised in a state proceeding based on state procedural rules). Even if a stand-alone *Miranda* claim were properly before this Court, Mr. Greene would not be entitled to habeas relief. Because the state courts reasonably concluded that admission of Mr. Greene's statement was not prejudicial in light of the other evidence of his guilt, it would also be reasonable to conclude that admission of the statement was, if anything, harmless error. *See Davis v. Grandlienard*, 828 F.3d 658, 666-67 (8th Cir. 2016) (concluding that state court did not unreasonably apply clearly established federal law where it concluded that any error committed in admitting petitioner's statement was harmless beyond a reasonable doubt in light of other evidence).

[3]  The respondent has not argued that this issue is procedurally defaulted or not exhausted, although it appears that an argument could be made that the same iteration of the claim was not clearly raised at each appellate stage. But in light of the respondent's silence on this matter, the Court assumes that this issue is properly exhausted.

5

reliable." *Id.* The "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When "a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (quoting § 2254(d)(1)). The post-conviction court denied Mr. Greene's ineffective assistance of counsel claim on the second prong of *Strickland*'s test. The court indicated that even assuming deficient performance on the part of trial counsel, Mr. Greene could not establish that he was prejudiced by that performance because the recorded interview with Mr. Fena was far from the only evidence of his guilt. Post-Conviction Order at 1. The post-conviction court specifically pointed to the testimony of both victims in Mr. Greene's case and the testimony of a *Spreigl* witness[4] in finding that Mr. Greene was not prejudiced by the introduction of his interview with Mr. Fena at trial. *Id.* The Minnesota Court of Appeals affirmed the post-conviction court's denial of the petition. *Greene*, 2015 WL 7356545, at *5.

Having reviewed the trial testimony and the record as a whole, this Court cannot find that either the decision of the post-conviction court or the Court of Appeals was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1). Indeed, the Court agrees with the assessment of the state courts that Mr. Greene is unable to establish the prejudice prong of *Strickland* in light of the other evidence of his guilt. There is no reasonable probability that the outcome of Mr. Greene's trial would have been different but-for the admission of the recorded interview. As a result, the Court finds no merit in Mr. Greene's ineffective assistance of counsel claim. *See Schneider v. Delo*, 85 F.3d 335,

---

[4]   As the Court of Appeals explained, "*Spreigl* evidence" is proof of a prior bad act that is introduced for a particular purpose. *Greene*, 2015 WL 7356545, at *2 n.1. In Mr. Greene's case, the *Spreigl* witness was a girl who testified that she had been sexually abused by Mr. Greene when she was in eighth grade, and her testimony was admitted "for the purposes of establishing common scheme or plan, modus operandi, and intent." *Id.* at *2.

341 (8th Cir. 1996) (denying habeas relief where the state courts' determination that there was no prejudice in an ineffective assistance of counsel claim was reasonable).

## IV. Hearing Claim

Mr. Greene also argues he is entitled to habeas relief because the post-conviction court erred in summarily deciding his petition without giving him a hearing. Pet. at 5-6, 10-11. While this issue was raised to both the state Court of Appeals, Ct. of Appeals Br. at 52-53, and state Supreme Court, PFR at 11, it cannot be considered on the merits in Mr. Greene's federal habeas petition because it does not raise a federal constitutional issue. *See, e.g.*, *Turnage v. Fabian*, 606 F.3d 933, 939 (8th Cir. 2010) (discussing entitlement to hearing under Minn. Stat. § 590.04 as a state statutory right that is not cognizable in federal habeas proceedings); *Andersen v. Minnesota*, No. 14-cv-779 (SRN/LIB), 2015 WL 632156, at *6 (D. Minn. Feb. 12, 2015) (indicating claim that petitioner should have been granted a hearing pursuant to Minn. Stat. § 590.04 did not involve a federal issue); *Cram v. Fabian*, No. 07-cv-1558 (PJS/JJG), 2008 WL 4542960, at *9 (D. Minn. Oct. 9, 2008) (same).

## V. Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Greene has failed to make a substantial showing of the denial of any federal constitutional right. The Court finds that it is highly unlikely that any other court would decide Mr. Greene's claims differently than discussed above. As a result, the Court recommends that Mr. Greene should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Mr. Greene's petition for a writ of habeas corpus, ECF No. 1, be **DENIED**.

2. No COA be issued.

3. This case be **DISMISSED**.

Date: August 11, 2017                    *s/Katherine Menendez*
                                         Katherine Menendez
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.